# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 10063 | **DATE** | 12/28/2012 |
| **CASE TITLE** | Donald Conwell (2012-0607038) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders Cook County Jail officials to deduct $30.83 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. Plaintiff's motion for appointment of counsel [4] is granted. The Court appoints Raymond Fabricius, Fabricius Koenig & Lindig, 320 W. Jefferson Street, Suite 200, Ottawa, IL 61350 to represent the plaintiff in accordance with counsel's trial bar obligations under the Local Rules 83.11(g) and 83.37 (N.D. Ill.). The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure.

■ **[For further details see text below.]**  Docketing to mail notices.

# STATEMENT

The plaintiff, a Cook County Jail detainee, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff alleges that, on March 12, 2012, Cook County Jail Officers Tiscareno and Baker removed the plaintiff from his wheelchair and beat him when he refused to enter his newly designated cell because it was unsanitary. Officer Perez allegedly watched but did not intervene. *See Lewis v. Downey*, 581 F.3d 467, 472, 475, (7th Cir. 2009). The plaintiff also names Officers Jefferson and Olivarria, as well as Sheriff Tom Dart and Cook County; however, the complaint is unclear as to what claims are alleged these defendants.

The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $30.83. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff in the event of his transfer.

**(CONTINUED)**

ISK

**STATEMENT (continued)**

Due to the serious nature of the plaintiff's allegations, the court hereby appoints Raymond Fabricius, Fabricius Koenig & Lindig, 320 W. Jefferson Street, Suite 200, Ottawa, IL 61350 to represent the plaintiff in accordance with counsel's trial bar obligations under Local Rules 83.11(g) and 83.37 (N.D. Ill.). The court notes that it has appointed Mr. Fabricius to represent the plaintiff in another suit before this court. Counsel's representation of the plaintiff in both cases is preferred given the cases may have overlapping issues with respect to either their claims or discovery. Because the complaint is unclear as to how several of the defendants are involved, appointed counsel, after investigation and communicating with the plaintiff, should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.